JAMES A. KOPCKE (SBN 88567)
GOLDEN · KOPCKE, LLP
22 Battery Street, Suite 610
San Francisco, CA 94111
Tel:(415) 399-9995; Fax:(415) 398-5890

RICHARD J. ARCHER, ESQ (SBN 20720)
ARCHER & HANSON
3110 Bohemian Highway
Occidental, CA 95465
Tel:(707) 874-3438; Fax:(707) 874-3438

Attorneys for Plaintiffs SHERI L. KENDALL, dba BALA HAIR SALON,
JAMES MASER, MAIZ HOLDING COMPANY, dba PICANTE COCINA
RESTAURANT, on Behalf of Themselves and All Others Similarly
Situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHERI L. KENDALL, dba BALA HAIR SALON, JAMES MASER, MAIZ HOLDING COMPANY, dba PICANTE COCINA RESTAURANT, on Behalf of Themselves and All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>VISA U.S.A. INC., MASTERCARD INTERNATIONAL, INC., BANK OF AMERICA, N.A., a subsidiary of BANK OF AMERICA CORPORATION, WELLS FARGO BANK, N.A., a subsidiary of WELLS FARGO & COMPANY, U.S. BANK, N.A, a subsidiary of U.S. BANCORP,<br><br>          Defendants. | Case No.  c 04 4276 EDL<br><br>**CLASS ACTION ANTITRUST COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION** |

-1-

Plaintiffs SHERI L. KENDALL, dba BALA HAIR SALON, and JAMES MASER, MAIZ HOLDING COMPANY, dba PICANTE COCINA RESTAURANT aver for their complaint against VISA U.S.A. INC. ("VISA") and MASTERCARD INTERNATIONAL, INC. ("MASTERCARD"), BANK OF AMERICA, N.A., a subsidiary of BANK OF AMERICA CORPORATION, WELLS FARGO BANK, N.A., a subsidiary of WELLS FARGO & COMPANY, U.S. BANK, N.A, a subsidiary of U.S. BANCORP, upon knowledge with respect to their own acts and upon information and belief with respect to all other matters, as follows:

JURISDICTION

1.   Jurisdiction and venue of this action is under 15 U.S.C. §§ 15(a) and 26.

2.   Defendants or their agents inhabit or are found or reside in the Northern District of California.

3.   VISA and MASTERCARD each operate as joint ventures that are created, owned and governed by their thousands of members which are primarily banks, including the Defendant banks.  VISA and MASTERCARD are engaged in interstate commerce and are doing business and are present in the Northern District of California. Venue of this action against VISA and MASTERCARD, and Defendant banks and all other bank members of VISA and MASTERCARD, is proper in this court.

INTRADISTRICT ASSIGNMENT

4.   The basis for assignment to the San Francisco Division is that a substantial part of the events which give rise to the

CLASS ACTION ANTITRUST COMPLAINT AND JURY DEMAND

claims of the named Plaintiff occurred in San Francisco, Sonoma and Alameda Counties.

PARTIES

5.  Plaintiff SHERI L. KENDALL, dba BALA HAIR SALON ("BALA") is a resident of Sonoma County and is licensed to do business and does business as a beauty salon in Sonoma County. BALA presently has VISA and MASTERCARD contracts with one or more Defendant banks, or their co-conspirators, and have "sold" (deposited) VISA and MASTERCARD credit and debit receipts, or electronic equivalents, to one or more Defendant banks, or their co-conspirators, for deposit in their commercial demand deposit bank accounts.

6.  Plaintiff JAMES MASER, MAIZ HOLDING COMPANY, a California Corporation, dba PICANTE COCINA RESTAURANT ("PICANTE") is a resident of Alameda County and is licensed to do business and does business as a restaurant in Alameda County. PICANTE presently has VISA and MASTERCARD contracts with one or more Defendant banks, or their co-conspirators, and have "sold" (deposited) VISA and MASTERCARD credit and debit receipts, or electronic equivalents, to one or more Defendant banks, or their co-conspirators, for deposit in their commercial demand deposit bank accounts.

CLASS ACTION ANTITRUST COMPLAINT AND JURY DEMAND

7.   VISA and MASTERCARD are bank card associations whose members include Defendant banks, other bank members, regional banking associations, and other financial institutions.

8.   Defendant WELLS FARGO BANK N.A., a subsidiary of WELLS FARGO & COMPANY ("WELLS FARGO") is a nationally chartered bank with offices in the Northern District of California.  It engages in interstate commerce.  It participates in the management of and has a proprietary interest in VISA and MASTERCARD.  It is an "acquiring bank" in that throughout California it acquires from Plaintiff or other retailers and class members VISA and MASTERCARD credit and debit receipts, or electronic equivalents, for deposit in their commercial demand deposit bank account at the face amount less a fee.  Normally WELLS FARGO and other member banks of VISA and MASTERCARD do not charge a fee when they buy (accept) checks from their retail customers for deposit in the bank customer's commercial account.

9.   Defendant BANK OF AMERICA, N.A., a subsidiary of BANK OF AMERICA CORPORATION ("BANK OF AMERICA") is a nationally chartered bank with offices in the Northern District of California.  It engages in interstate commerce.  It participates in the management of and has a proprietary interest in VISA and MASTERCARD.  It is an "acquiring bank" in that throughout California it acquires from Plaintiff or other retailers and class members VISA and MASTERCARD credit and debit receipts, or electronic equivalents, for deposit in their commercial demand

deposit bank account at the face amount less a fee.  Normally BANK OF AMERICA and other member banks of VISA and MASTERCARD do not charge a fee when they buy (accept) checks from their retail customers for deposit in the bank customer's commercial account.

10.  Defendant U.S. BANK, N.A, a subsidiary of U.S. BANCORP ("US BANK") is a nationally chartered bank doing business in the Northern District of California.  It engages in interstate commerce.  It participates in the management of and has a proprietary interest in VISA and MASTERCARD.  It is an "acquiring bank" in that throughout California it acquires from Plaintiff or other retailers and class members VISA and MASTERCARD credit and debit receipts, or electronic equivalents, for deposit in their commercial demand deposit bank account at the face amount less a fee.  Normally US BANK and other member banks of VISA and MASTERCARD do not charge a fee when they buy (accept) checks from their retail customers for deposit in the bank customer's commercial account.

CO-CONSPIRATORS

11.  Defendants' co-conspirators include at least all banks and other financial institutions doing business in the United States, engage in interstate commerce, and have a management and proprietary interest in VISA and/or MASTERCARD.  Each is an "acquiring bank" in that it acquires from Plaintiff or other retailers and class members VISA and/or MASTERCARD credit and debit receipts, or electronic equivalents, for deposit in their

-5-

commercial demand deposit bank account at the face amount less a fee.  The co-conspirators also include Third Party Processors ("TTPs") who process for merchants VISA and/or MASTERCARD credit and debit receipts, or electronic equivalents, for deposit in the merchants' demand deposit accounts in banks.  Normally each co-conspirator and other member banks of VISA and/or MASTERCARD do not charge a fee when they buy (accept) checks from their retail customers for deposit in the bank customer's commercial account.

CLASS

12.  Plaintiffs represent the class of all persons and business entities in the United States who are retailers, businesses, professions and merchants, including those "on-line", and presently have VISA and/or MASTERCARD merchant contracts with one or more member banks of Defendants VISA and/or MASTERCARD and/or a TTP pursuant to which they have "sold" (deposited) VISA and MASTERCARD credit or debit receipts, or electronic equivalents, to one or more member banks for deposit in their commercial demand deposit bank account and have thereby incurred VISA and/or MASTERCARD merchant discount or interchange fees.  Plaintiffs BALA and PICANTE do not contest in this action, as averred in other litigation, any tying arrangement, of the VISA and MASTERCARD debit charges with other charges.  The class does not include the named Defendants, their co-conspirators, their directors, officers, or members of their

families, or those merchants who negotiate merchant discounts directly with VISA and/or MASTERCARD.

13.   VISA and/or MASTERCARD merchant discount or interchange fees have harmed and continue to harm the interests of retailers, businesses, professions and merchants, including those "on-line", throughout the United States.  The members of the class are so numerous that joinder of all members is impracticable.

14.   Defendants' relationships with the class members and Defendants' practice of assessing VISA and/or MASTERCARD merchant discount or interchange fees with respect to class members have been substantially uniform.  Questions of law and fact will predominately be common to the class.

15.   The named Plaintiffs have no conflict of interest with class members and have retained counsel competent and experienced in federal and state antitrust litigation.  The named Plaintiffs and their counsel will fairly and adequately represent the interests of the class.

16.   Defendants have acted, continue to act, refused to act and continue to refuse to act on grounds generally applicable to the class, thereby making appropriate damages and injunctive relief with respect to the class as a whole.

17.   This action is superior to any other method for the fair and efficient adjudication of this legal dispute, as joinder of all members is not only impracticable, but

impossible.  The damages suffered by certain members of the class are small in relation to the expense and burden of individual litigation and therefore it is highly impractical for such class members, individually, to attempt redress of the VISA and/or MASTERCARD merchant discount or interchange fees and to enjoin price fixing.  There will be no extraordinary difficulty in the management of this class action.  Common questions of law and fact exist with respect to all class members and predominate over any questions solely affecting individual members.  Among the questions of law and fact common to the class, many of which cannot be seriously disputed, are the following:

(a) whether the VISA and/or MASTERCARD merchant discount or interchange fee fixed by VISA and MASTERCARD is a sharing of revenue by competitors, a compensation vehicle among competitors, and is not established by free competition.

(b) whether the VISA and/or MASTERCARD merchant discount or interchange fee provides the floor or establishes a range for the merchant discount fee levied against the merchants.

(c) whether the VISA and/or MASTERCARD merchant discount or interchange fee is set by VISA and MASTERCARD at a supracompetitive level.

RELEVANT MARKET

18.  The relevant product market is acquisition of receipts from general purpose credit and debit cards, or electronic equivalents, for deposit in commercial bank accounts.

19.   The relevant geographic market is the United States.

**FIRST CLAIM FOR RELIEF**
**DAMAGES FOR VIOLATIONS OF SECTION ONE**
**OF THE SHERMAN ACT AGAINST**
**VISA, MASTERCARD, BANK OF AMERICA, WELLS FARGO, US BANK**

20.   Plaintiffs BALA and PICANTE reaver each and every averment in paragraphs 1 through 19 as if fully set forth herein.

21.   VISA and MASTERCARD each is a combination of banks which are in competition with each other, directly or indirectly, which as such combination:

(a)   Sets an "interchange fee" to be paid by an acquiring bank to the institution which issued the VISA or MASTERCARD card.  The merchant discount fees, established by VISA and MASTERCARD, are based largely on the interchange fees.  Pursuant to these agreements the interchange fee sets a floor under the merchant discount fee, whether merchant deposits are processed directly by member banks or TTPs.  The separate decisions of VISA and MASTERCARD, as to the floors for the merchant discounts, are horizontal restraints on competition.  These merchant discounts are not established by free competition, nor would they be absorbed by merchants and PlaintiffS BALA and PICANTE in a competitive system, e.g. checks.

(b)   In addition to providing authorization and clearing house (settlement) services to member banks and their agents, VISA and MASTERCARD each provides joint marketing services, in that each directly negotiates the merchant discounts for the bank of deposit with only selected merchants, which services could be adequately performed by member banks, TTPs, and agent banks alone and in competition with each other.  In a competitive system, banks and TTPs would be offering at least such lower merchant discounts to Plaintiffs BALA and PICANTE and other merchants.

22.   Plaintiffs BALA and PICANTE, and all others similarly situated, must pay a merchant discount fee upon the deposit of VISA and MASTERCARD credits and debits, whereas the deposit of checks, which entails more processing, is without such fee to the depositor.  Increases by VISA and MASTERCARD of the interchange fees have resulted in increases in merchant discount fees.

23.   Plaintiffs BALA and PICANTE, and all others similarly situated, have a dilemma where each merchant must individually choose to accept VISA and MASTERCARD in order to meet the competition; however all are worse off as a result due to the expense of the merchant discount fee.

24.   VISA and MASTERCARD and Defendant banks and all other member banks of VISA and MASTERCARD obtain supracompetitive

profits by the assessment of merchant discount fees on the deposits of Plaintiffs BALA and PICANTE, and all others similarly situated.

25.   Member banks were prohibited from issuing the Discover Card, which charges merchants about 30% less than VISA and MASTERCARD.

26.   On August 28, 2002, VISA announced that it would not permit new "Private Arrangements" by which member banks, but not merchants, could opt out of the VISA interchange system. Neither before nor after this event could Plaintiffs BALA and PICANTE avoid the fixed merchant discount fee, because member banks of both VISA and MASTERCARD find it economically to their advantage not to opt out of systems which establish a non-competitive merchant discount.

27.   Both VISA and MASTERCARD raised interchange fees charged to merchants a number of times without losing a single customer as a result.

28.   Both VISA and MASTERCARD charge differing interchange fees to merchants based, in part, on the degree to which a given merchant category needs to accept general purpose cards.

29.   The reality is that VISA and MASTERCARD are able to charge substantially different prices for those hundreds of thousands of merchants who must take credit and debit cards at any price because their customers insist on using those cards.

30.   Plaintiffs BALA and PICANTE and all others similarly situated have been damaged by the payment of merchant discounts, in as yet an undetermined total amount, which total amount should be trebled.   Plaintiffs BALA and PICANTE do not contest in this action, as averred in other litigation, any tying arrangement, of the VISA and MASTERCARD debit charges with other charges.

### SECOND CLAIM FOR RELIEF
### 15 U.S.C. §26, SECTION 16 OF THE CLAYTON ACT AGAINST VISA, MASTERCARD, BANK OF AMERICA, WELLS FARGO AND US BANK

30.   PlaintiffS BALA and PICANTE reaver all the preceding paragraphs as if set forth in this claim.

31.   This claim is brought under Section 16 of the Clayton Act, 15 U.S.C. § 26.

32.   PlaintiffS BALA and PICANTE and all those similarly situated seek against VISA, MASTERCARD, Defendant banks, member banks, and their co-conspirators that this Court order:

(a)  Defendants to cease and desist from setting the interchange fee and merchant discount fee at supracompetitive levels.

(b)  The elimination from VISA and MASTERCARD of all joint marketing activities.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, PlaintiffS BALA and PICANTE respectfully demand:

1.   That the Court declare, adjudge and decree that
     Defendants have committed the violations of federal
     law alleged herein.

2.   That the Court enter an order pursuant to Rule 23 of
     the Federal Rules of Civil Procedure permitting this
     action to be maintained as a class action on behalf of
     the class specified herein.

3.   That the court award damages sustained by the
     PlaintiffS BALA and PICANTE, and members of the class,
     on the First Claim for Relief, in an amount to be
     proved at trial, to be trebled according to law, plus
     interest, including prejudgment interest, reasonable
     attorney's fees and costs of suit, and such other and
     further relief as this Court may deem just and proper.

4.   That the Court order:

(a) That Defendants cease and desist from setting the
    interchange fee and the merchant discount fee.

(b) The elimination from VISA and MASTERCARD of all joint
    marketing activities.

5.   That Plaintiffs BALA and PICANTE be awarded their costs
     of suit including reasonable attorney's fees.

1    Plaintiffs BALA and PICANTE hereby demand trial by jury of

2    all issues properly triable thereby.

3    Dated:  October 7, 2004

4                                      Attorneys of record for
                                       Plaintiffs SHERI L. KENDALL,
5                                      dba BALA HAIR SALON, JAMES
                                       MASER, MAIZ HOLDING COMPANY,
6                                      dba PICANTE COCINA RESTAURANT,
                                       on Behalf of Themselves and All
7                                      Others Similarly Situated

8

9

10                                     By:_____
11                                          RICHARD J. ARCHER, ESQ.
                                            ARCHER & HANSON
12

13

14                                     By:_____
15                                          JAMES A. KOPCKE
                                            GOLDEN · KOPCKE, LLP
16

17              **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

18

19    Pursuant to Civil L.R. 3-16, the undersigned certifies that

20   of this date, other than the named plaintiffs and the class of

21   all those in the United States with a commercial demand deposit

22   bank account and the named defendants and each member bank, each

23   member regional banking association, and each other financial

24   institution that is a member of and has a proprietary interest

25   in VISA or MASTERCARD, there is no such interest to report.

26

27                                     By:_____
28                                          JAMES A. KOPCKE
                                       Attorney of record for Plaintiffs

                                   -14-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION ANTITRUST COMPLAINT AND JURY DEMAND