1
2
3
4
5
6                          IN THE UNITED STATES DISTRICT COURT
7
                          FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9   SHERI L. KENDALL, et al.,
10         Plaintiff,                             No. C 04-04276 JSW
11      v.
                                                  **NOTICE OF TENTATIVE RULING
12  VISA U.S.A. INC., et al.,                     AND QUESTIONS**
13         Defendants.
                                              /
14
15         TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE
16  OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON **March 18,**
17  **2005 AT 9:00 A.M.**:
18         The Court has reviewed the parties' memoranda of points and authorities and, thus, does not
19  wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on
20  authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of
21  these authorities reasonably in advance of the hearing and to make copies available at
22  the hearing. If the parties submit such additional authorities, they are ORDERED to submit the
23  citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-
24  3(d). The parties will be given the opportunity at oral argument to explain their reliance on such
25  authority.
26         The Court tentatively **DENIES** the Bank Defendants' motion to dismiss.
27         The parties will each have fifteen minutes to address the following questions:
28     1.  What is the effect on the pendency of this matter, if any, of the Wal-Mart action in the
           Eastern District of New York, and of the Court's previous ruling in *Reyn's Pasta
           Bella*?

2. By order dated April 21, 2003, this Court granted in part and denied in part a motion to dismiss antitrust claims against the Defendant Banks in *Reyn's Pasta Bella, LLC, et al. v. Visa U.S.A., Inc., et al.,* C02-3303 JSW. In that order, the Court concluded that Plaintiffs had sufficiently alleged a Section 1 Sherman Act claim against the Defendant Banks.

   a. What, if any, essential allegations are absent from the Section 1 Sherman Act claim in *Kendall, et al. v. Visa U.S.A., Inc., et al.* that were present and found to be sufficiently alleged in *Reyn's*?

   b. Plaintiffs allege that the Bank Defendants "participate in the management of" the bankcard networks, and that the networks conspire to fix interchange and merchant discount fees. Why are these allegations insufficient to state a claim under Section 1 of the Sherman Act?

   c. Are Plaintiffs alleging that the Bank Defendants conspired to fix merchant discount prices? If so, where are these facts alleged in the complaint?

3. In their opposition, Plaintiffs cite extensively to portions of *United States v. Visa U.S.A., Inc.,* 163 F.Supp.2d 322 (S.D.N.Y. 2001) and the Second Circuit's decision on appeal found at 344 F.3d 229 (2d Cir. 2003). What relevance, if any, do the cited portions of these opinions have to the Court's evaluation of the sufficiency of the allegations in the complaint?

4. Plaintiffs assert a claim under Section 16 of the Clayton Act against all Defendants and seeks equitable relief in the form of an order enjoining (a) Defendants from setting the interchange fee and merchant discount fee at supra-competitive levels and, (b) eliminating all joint marketing activities from Visa and Mastercard. (Complaint, ¶ 32.)

   a. What is Plaintiff's response to the Defendant Banks' argument that they are not proper defendants in Plaintiffs' Section 16 claim because the Defendant Banks have no control over either the interchange fee or the joint marketing activities of Visa or Mastercard, and thus, the Defendant Banks "cannot provide the equitable relief requested"?

   b. Section 16 of the Clayton Act does not provide a vehicle for enforcement of antitrust laws and merely provides Plaintiffs with the ability to seek injunctive relief as a remedy against threatened loss by violation of another antitrust law. Should Plaintiffs' claim for injunctive relief under Section 16 properly be included in the prayer for relief and not as a standalone second cause of action?

**IT IS SO ORDERED.**

Dated: March 16, 2005                                /s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE