United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHERI L. KENDALL, et al.,

    Plaintiff,

v.

VISA U.S.A. INC., et al.,

    Defendant.

No. C 04-04276 JSW

**ORDER GRANTING BANK DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

Now before the Court is the motion of defendants Bank of America, N.A., Wells Fargo Bank, N.A., and U.S. Bank, N.A. (the "Bank Defendants") to dismiss each of Plaintiffs claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Having carefully read the parties' papers and considered the arguments and the relevant legal authority, the Court hereby GRANTS the Bank Defendants' motion to dismiss Plaintiffs' claims against them with leave to amend.[1]

**I.    BACKGROUND**

Plaintiffs are various merchant, retail and service businesses who bring this action against Mastercard International, Inc. ("MASTERCARD"), VISA U.S.A., Inc. ("VISA"), and the Bank Defendants, who are credit card issuing and/or acquiring banks (collectively "Defendants"). Through

---

[1] This case is related to *Reyn's Pasta Bella LLC v. Visa, U.S.A., Inc., et al.*, C02-3303 JSW (the "Related Action"). The Court dismissed *Reyn's* on March 4, 2004 after finding that the action was barred by *In re Visa Check/Mastermoney Antitrust Litigation* based on principles of res judicata. According to the attorneys for Plaintiffs and the Bank Defendants, *Check/Mastermoney Antitrust Litigation* has no preclusive effect on the claims in the instant case because Plaintiffs have stipulated that any claims for damages relate to conduct that occurred after January 1, 2004. (*See* March 11, 2005 Stipulation.)

their member banks, VISA and MASTERCARD issue various forms of payment cards. Member banks can issue VISA or MASTERCARD payment cards to consumers and set interest rates, fees, and other terms for cardholders. *Id.* Member banks also individually contract with retailers on behalf of VISA or MASTERCARD to purchase payment card transactions. *Id.* Member banks may function as either "issuing" banks or "acquiring" banks, or both. *Id.*

Plaintiffs' claims are directed at payment card transaction fees, which include a "merchant discount", which is the transaction fee between the merchant and the acquiring bank, and an "interchange fee", which is the transaction fee between the acquiring bank and the issuing bank. (Complt., ¶¶12-14.) In their complaint, Plaintiffs allege that Defendants' act of setting merchant discount and interchange fees amounts to horizontal price fixing under Section 1 of the Sherman Antitrust Act ("Sherman Act"), 15 U.S.C. § 1. Plaintiffs also allege that Defendants' conduct violates Section 16 of the Clayton Act, 15 U.S.C. § 26. The Bank Defendants' motion challenges the sufficiency of Plaintiffs' allegations against them on the ground that Plaintiffs' fail to allege the requisite anti-competitive conduct necessary to state a claim under Section 1 of the Sherman Act. (Bank Defendants' Motion, p. 4-5.) The Bank Defendants also contend that Plaintiffs' claim under Section 16 for injunctive relief should be dismissed as a stand alone claim and construed as a prayer for relief. (*Id.*, p. 8-9.)

**II.  DISCUSSION**

  **A.  Legal Standard**

A motion to dismiss for failure to state a claim will be denied unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). The Court is not, however, bound to accept as true conclusory allegations of law or legal conclusions couched as a factual allegation. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *Arpin v. Santa Clara Transp. Agency,* 261 F.3d 912, 923 (9th Cir. 2001) (internal quotation

omitted). For private antitrust claims, if the facts "do not at least outline or adumbrate a violation of the Sherman Act, the plaintiffs will get nowhere merely by dressing them up in the language of antitrust." *Rutman Wine Co. v. E&J Gallo Winery,* 829 F.2d 729, 736 (9th Cir. 1987).

### B. Section 1 Sherman Act Claim

To state a claim under Section 1 of the Sherman Act, Plaintiffs must allege: (1) an agreement or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain competition; and (3) which actually injures competition. *Les Shockley Racing, Inc. v. National Hot Rod Ass'n.*, 884 F.2d 504, 507 (9th Cir. 1989) (citations omitted); *see also Monsanto Co. v. Spray-Rite Serv. Corp.,* 465 U.S. 752, 764 (1984) (to prevail on a Section 1 Sherman Act claim a plaintiff must establish a "conscious commitment to a common scheme designed to achieve an unlawful result").

Plaintiffs allege that each of the Bank Defendants "participates in the management of and has a proprietary interest in VISA and MASTERCARD." (Complt.. ¶¶ 8-10.) According to Plaintiffs, VISA and MASTERCARD:

> [s]ets [sic] an "interchange fee" to be paid by an acquiring bank to the institution which issued the VISA or MASTERCARD card. The merchant discount fees, established by VISA and MASTERCARD, are based largely on the interchange fees. Pursuant to these agreements the interchange fee sets a floor under the merchant discount fee, .... The separate decisions of VISA and MASTERCARD, as to the floors for the merchant discounts, are horizontal restraints on competition. These merchant discounts are not established by free competition, ....

(*Id.*, ¶ 21(a); *see also* ¶17(b).)[2]

Contrary to Plaintiffs' contentions, the foregoing allegations are insufficient to state a claim against the Bank Defendants under Section 1 because they do not allege an agreement, combination, or conspiracy by the Bank Defendants to fix prices. *Les Shockley,* 884 F.2d at 507. In other words, there are no allegations that, as part of the Bank Defendants' participation in the management of, or their proprietary interest in, VISA or MASTERCARD, the Bank Defendants "knowingly, intentionally and actively participated in an individual capacity in the alleged scheme" to fix the interchange fee or

---

[2] Plaintiffs contend that, in addition to the foregoing allegations, paragraphs 22, 24, and 27-30 set forth additional allegations supporting their claim under Section 1 of the Sherman Act. (Opp., p. 9.) These allegations assert that Defendants' conduct actually harmed competition or caused antitrust injury, and thus, do not relate to the Court's evaluation of whether Plaintiffs sufficiently allege an agreement by the Bank Defendants to fix prices.

3

the merchant discount fee. Allegations that VISA or MASTERCARD fix the interchange or merchant discount fee at a "supra-competitive level", or that the interchange fee "provides a floor" for the merchant discount fee, do not, standing alone, allege unlawful conduct on the part of the Bank Defendants. (Complt., ¶ 17(a) - (c).)

Plaintiffs queried in their opposition why "fixing the merchant discounts all the member banks – and others – agree to charge merchants similarly situated ... can possibly be legal." (Opp., p. 9.) To the extent that this question attempts to capture the essence of Plaintiffs' Section 1 claim, it overstates what is actually alleged in the complaint because there is no allegation that Bank Defendants agreed to fix prices. Allegations that the Bank Defendants have a proprietary interest in, or participate in the management of, VISA and MASTERCARD, cannot be construed, standing alone, to sufficiently allege a Section 1 claim. *Kline v. Coldwell Banker & Co.*, 508 F.2d 226 (9th Cir. 1974) (membership in an association that is alleged to have engaged in anti-competitive conduct is insufficient to show concerted action under Section 1 of the Sherman Act).

Based on the foregoing, Plaintiffs' Section 1 Sherman Act claim against the Bank Defendants is DISMISSED with leave to amend.[3] Although this is the first complaint filed in this case, the allegations are almost identical to those alleged in *Reyn's.* In neither this case nor in *Reyn's* do Plaintiffs allege that the Defendant Banks conspired or agreed to fix the merchant discount or interchange fees. Considering that Plaintiffs amended their complaint twice in *Reyn's* and then brought this case, the Court is concerned that this allegation would have been included had it been factually supported. Court therefore admonishes Plaintiffs to conduct a reasonable inquiry of the underlying factual and legal grounds supporting their claims prior to amending their claims against the Bank Defendants. *King v. Idaho Funeral Service Ass'n,* 862 F.2d 774, 746-48 (9th Cir. 1998) (affirming magistrate judge's order imposing Rule 11 sanctions in antitrust case against attorney that failed to conduct a reasonable inquiry of the facts underlying the complaint prior to signing and filing the complaint).

---

[3] The Bank Defendants raised a similar challenge to the sufficiency of the Section 1 Sherman Act claims in *Reyn's* in a motion to dismiss the Second Amended Complaint. Before the Court could rule on the merits of the motion to dismiss, the Court dismissed the case on the grounds that the claims were barred by principles of res judicata.

4

### C. Section 16 Clayton Act Claim

Because Plaintiffs' have failed to state a claim under Section 1 of Sherman Act against the Bank Defendants', Plaintiffs' claim under Section 16 of the Clayton Act, 15 U.S.C. § 26, predicated upon a violation Section 1 of the Sherman Act, is also dismissed with leave to amend. *Cargill, Inc. v. Monfort of Colo., Inc.,* 479 U.S. 104, 109 (1986).

## III. CONCLUSION

For the foregoing reasons, the Bank Defendants' motion to dismiss is GRANTED with leave to amend. Plaintiffs must file an amended complaint by no later than Monday, April 25, 2005. Plaintiffs' failure to timely file an amended complaint shall result in dismissal of the claims against the Bank Defendants with prejudice.

**IT IS SO ORDERED.**

Dated: March 29, 2005

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California