UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHERI L. KENDALL, dba BALA HAIR SALON, JAMES MASER, MAIZ HOLDING COMPANY, dba PICANTE COCINA RESTAURANT, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>VISA U.S.A. INC., MASTERCARD INTERNATIONAL, INC., BANK OF AMERICA, N.A., a subsidiary of BANK OF AMERICA CORPORATION, WELLS FARGO BANK, N.A., a subsidiary of WELLS FARGO & COMPANY, U.S. BANK, N.A., a subsidiary of U.S. BANCORP,<br><br>Defendants. | Case No.: C04-4276 JSW<br><br>**STIPULATED PROTECTIVE ORDER** |

CASE NO.: C04-4276 JSW
STIPULATED PROTECTIVE ORDER

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates, no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c), including trade secret or other confidential, strategic, research, development, or commercial information.

2.4 "Highly Confidential - Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

1

CASE NO.: C04-4276 JSW
STIPULATED PROTECTIVE ORDER

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material in this action.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 House Counsel: attorneys who are employees of a Party.

2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations,

2

CASE NO.: C04-4276 JSW
STIPULATED PROTECTIVE ORDER

or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

   5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions if not remedied under Section 6.2.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

   5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

3

CASE NO.: C04-4276 JSW
STIPULATED PROTECTIVE ORDER

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that a Party, or the non-party offering or sponsoring the testimony, may state on the record, before the close of the deposition, hearing, or other proceeding, that portions of the testimony are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." All Parties and affected non-parties shall then have up to 60 days following

4

receipt of the deposition transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Until 60 days following receipt of the deposition transcript have elapsed, the entire deposition transcript shall be covered by the provisions of this Stipulated Protective Order as designated on the record. Only those portions of the testimony that are appropriately designated for protection within the 60 days shall thereafter be covered by the provisions of this Stipulated Protective Order.

The court reporter must affix to the top of each designated page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by Designating Party.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 <u>Inadvertent Production of Privileged Documents</u>. Inadvertent production of any document produced in response to discovery requests in this action by a

5

CASE NO.: C04-4276 JSW
STIPULATED PROTECTIVE ORDER

Party or non-party, that a Party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A Party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a Party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall within five business days destroy or return to the requesting Party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document. After a document is destroyed or returned pursuant to this paragraph, a Party may move the Court for an order compelling production of the document, but said Party may not assert as a ground for the entering of such an order the fact or circumstances of the inadvertent production. Nothing in this Order shall preclude a Party from arguing that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since production of the allegedly inadvertently produced document constitutes a waiver.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging

6

CASE NO.: C04-4276 JSW
STIPULATED PROTECTIVE ORDER

1  Party must explain the basis for its belief that the confidentiality designation was not proper
2  and must give the Designating Party an opportunity to review the designated material, to
3  reconsider the circumstances, and, if no change in designation is offered, to explain the
4  basis for the chosen designation. A challenging Party may proceed to the next stage of the
5  challenge process only if it has engaged in this meet and confer process first.

6        6.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a
7  confidentiality designation after considering the justification offered by the Designating
8  Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil
9  Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail
10  the basis for the challenge. Each such motion must be accompanied by a competent
11  declaration that affirms that the movant has complied with the meet and confer
12  requirements imposed in the preceding paragraph and that sets forth with specificity the
13  justification for the confidentiality designation that was given by the Designating Party in
14  the meet and confer dialogue.

15        The burden of persuasion in any such challenge proceeding shall be on the
16  Designating Party. Until the court rules on the challenge, all parties shall continue to afford
17  the material in question the level of protection to which it is entitled under the Producing
18  Party's designation.

19    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

20        7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
21  disclosed or produced by another Party or by a non-party in connection with this case only
22  for prosecuting, defending, or attempting to settle this litigation. Such Protected Material
23  may be disclosed only to the categories of persons and under the conditions described in
24  this Order. When the litigation has been terminated, a Receiving Party must comply with
25  the provisions of section 11, below (FINAL DISPOSITION).

26        Protected Material must be stored and maintained by a Receiving Party at a
27  location and in a secure manner that ensures that access is limited to the persons authorized
28  under this Order.

7

CASE NO.: C04-4276 JSW
STIPULATED PROTECTIVE ORDER

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d) the Court and its personnel;

    (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (g) the author of the document or the original source of the information.

    (h) the Producing Party and any of its officers, directors, employees, or attorneys.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in

8

writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

   (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

   (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (c) the Court and its personnel;

   (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

   (e) the author of the document or the original source of the information.

   (f) the Producing Party and any of its officers, directors, employees, or attorneys.

8. <u>USE OF PROTECTED MATERIAL IN COURT</u>

  8.1 In the event that any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" is used in any pre-trial court hearing or proceeding in this action, the Party using such Protected Material must give any Producing Party no less than 72 hours notice of which Protected Material it plans to use. The Parties (and any non-party Producing Party) will confer to determine the appropriate procedures to be used to protect such Protected Material and, in the event that there is any dispute as to whether such material continues to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," to resolve such dispute.

  8.2 The Parties shall provide each Producing Party who is not a Party with notice of potential use at trial of any Protected Material produced by that non-party if and when that Protected Material is designated for use at trial (whether as a potential exhibit or as deposition testimony or otherwise) in the required filings prior to commencement of trial.

9

The Parties shall give notice as soon as practicable after Protected Material which is not listed in those required filings is determined to be used by counsel for a Party in the course of examination or cross-examination at trial, but in any case no later than 24 hours prior to such use.

        8.3    The Parties shall confer and attempt to agree before any trial on additional procedures under which "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information may be introduced into evidence or otherwise used at trial, including procedures applicable to Protected Material produced by a Producing Party who is a Party. Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each non-party producing any Protected Material which may be used at such trial, and shall seek approval from the Court as necessary.

        8.4    If necessary to address the use of Protected Material other than as set forth in this Agreement, the Court may be asked to issue an order governing the use of Protected Material at trial or court hearing upon reasonable notice to all Parties and non-parties who have produced such Protected Material.

9.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order and before producing any Protected Material pursuant to the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the

other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>FILING PROTECTED MATERIAL</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

12. <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed,

11

the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Right to Use Own Disclosure or Discovery Material. Nothing in this Order shall limit or restrict a Party's rights, if any, to use its own Disclosure or Discovery Material or any information obtained independent of discovery in this action in any manner that the Party deems appropriate.

13.4 Service of Copies of Order. The Parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party in this action.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12

CASE NO.: C04-4276 JSW
STIPULATED PROTECTIVE ORDER

1 DATED: ~~April~~ MAY 12, 2005          Respectfully submitted,

2                                        GOLDEN KOPCKE LLP

4  By _____
   JAMES A. KOPCKE (Cal. Bar No. 88567)
5  GOLDEN KOPCKE LLP
6  22 Battery Street, Suite 610
   San Francisco, CA 94111
7  Telephone: (415) 399-9995
8  Facsimile: (415) 398-5890

9  Attorneys for Plaintiffs

10 ARCHER & HANSON

12 By _____
   Richard J. Archer (Cal. Bar No. 20720)
13 ARCHER & HANSON
14 3110 Bohemian Highway
   Occidental, CA 95465
15 Telephone: (707) 874-3438
16 Facsimile: (707) 874-3438

17 Attorneys for Plaintiffs

13

CASE NO.: C04-4276 JSW
STIPULATED PROTECTIVE ORDER

HELLER EHRMAN LLP


By /s/ Marie L. Fiala
M. LAURENCE POPOFSKY (Cal. Bar No. 33946)
MARIE L. FIALA (Cal. Bar No. 79676)
RUSSELL P. COHEN (Cal. Bar No. 213105)
RACHEL M. JONES (Cal. Bar No. 218642)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Defendant VISA U.S.A. INC


ROBERT J. VIZAS (Cal. Bar No. 56187)
ARNOLD & PORTER LLP
90 New Montgomery Street
San Francisco, CA 94104
Telephone: (415) 495-2767
Facsimile: (415) 495- 2703

Attorneys for Defendant VISA U.S.A. INC

14

CASE NO.: C04-4276 JSW
STIPULATED PROTECTIVE ORDER

1  CLIFFORD CHANCE US LLP
2
3  By _____
   KEILA D. RAVELO (Admitted Pro Hac Vice)
4  WESLEY R. POWELL (Cal. Bar No. 230430)
   CLIFFORD CHANCE US LLP
5  31 W. 52nd Street
   New York, New York 10019
6  Telephone: (212) 878-8000
7  Facsimile: (212) 878-8375

8  Attorneys for Defendant MASTERCARD
9  INTERNATIONAL INCORPORATED

10

11 JAY N. FASTOW
   DEBRA J. PEARLSTEIN (Admitted Pro Hac Vice)
12 GIANLUCA MORELLO (Admitted Pro Hac Vice)
   WEIL, GOTSHAL & MANGES LLP
13 767 Fifth Avenue
14 New York, New York 10153
   Telephone: (212) 310-8000
15 Facsimile: (212) 310-8007

16
   Attorneys for Defendant MASTERCARD
17 INTERNATIONAL INCORPORATED

18

19 CHRISTOPHER J. COX (SBN 151650)
   WEIL, GOTSHAL & MANGES LLP
20 201 Redwood Shores Parkway
   Redwood Shores, CA 94065
21 Telephone: (650) 802-3000
22 Facsimile: (650) 802-3100

23
   Attorneys for Defendant MASTERCARD
24 INTERNATIONAL INCORPORATED

25
26
27
28

15

CASE NO.: C04-4276 JSW
STIPULATED PROTECTIVE ORDER

| | |
|---|---|
| 1 | COVINGTON & BURLING |
| 2 | |
| 3 | By /s/ Sonya... |
| 4 | SONYA D. WINNER (Cal. Bar No. 200348)<br>TARA M. STEELEY (Cal. Bar No. 231775) |
| 5 | COVINGTON & BURLING<br>One Front Street, 35th Floor |
| 6 | San Francisco, CA 94111<br>Telephone: (415) 591-6000 |
| 7 | Facsimile: (415) 591-6091 |
| 8 | |
| 9 | Attorneys for Defendant BANK OF AMERICA, N.A. |
| 10 | LATHAM & WATKINS LLP |
| 11 | |
| 12 | By _____ |
| 13 | J. THOMAS ROSCH (Cal. Bar No. 37668) |
| 14 | JOSHUA N. HOLIAN (Cal. Bar No. 211772)<br>LATHAM & WATKINS LLP |
| 15 | 505 Montgomery Street<br>San Francisco, CA 94111 |
| 16 | Telephone: (415) 395-8148<br>Facsimile: (415) 395-8095 |
| 17 | |
| 18 | Attorneys for Defendant WELLS FARGO BANK, N.A. |

| | |
|---|---|
| 1 | COVINGTON & BURLING |
| 2 | |
| 3 | By _____ |
| 4 | SONYA D. WINNER (Cal. Bar No. 200348)<br>TARA M. STEELEY (Cal. Bar No. 231775) |
| 5 | COVINGTON & BURLING<br>One Front Street, 35th Floor |
| 6 | San Francisco, CA 94111<br>Telephone: (415) 591-6000 |
| 7 | Facsimile: (415) 591-6091 |
| 8 | |
| 9 | Attorneys for Defendant BANK OF AMERICA, N.A. |
| 10 | |
| 11 | LATHAM & WATKINS LLP |
| 12 | |
| 13 | By _____<br>J. THOMAS ROSCH (Cal. Bar No. 37668) |
| 14 | JOSHUA N. HOLIAN (Cal. Bar No. 211772)<br>LATHAM & WATKINS LLP |
| 15 | 505 Montgomery Street<br>San Francisco, CA 94111 |
| 16 | Telephone: (415) 395-8148<br>Facsimile: (415) 395-8095 |
| 17 | |
| 18 | Attorneys for Defendant WELLS FARGO BANK, N.A. |

FOLEY & LARDNER

By /s/ [signature]
MAURICE J. MCSWEENEY (Admitted Pro Hac Vice)
MICHAEL C. LUEDER (Admitted Pro Hac Vice)
JODI L. MALEK (Pro Hac Vice motion to be filed)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414).297.5520
Facsimile: (414) 297.4900

EILEEN R. RIDLEY (Cal. Bar No. 151735)
FOLEY & LARDNER
One Maritime Plaza, 6th Floor
San Francisco, CA 94111-3404
Telephone: (415) 434-4484
Facsimile: (415) 434-4507

Attorneys for Defendant U.S. BANK, N.A.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: May 16, 2005         /s/ Jeffrey S. White
                            THE HONORABLE JEFFREY S. WHITE
                            United States District Court Judge

17

CASE NO.: C04-4276 JSW
STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Kendall v. Visa U.S.A. Inc., et al.*, C04-4276 JSW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

CASE NO.: C04-4276 JSW
STIPULATED PROTECTIVE ORDER