EILEEN R. RIDLEY, BAR NO. 151735
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
ONE MARITIME PLAZA, 6TH FLOOR
SAN FRANCISCO, CA 94111-3404
TELEPHONE: (415) 434-4484
FACSIMILE: (415) 434-4507

MAURICE J. MCSWEENEY (ADMITTED PRO HAC VICE)
MICHAEL C. LUEDER (ADMITTED PRO HAC VICE)
JODI L. MALEK (PRO HAC VICE MOTION TO BE FILED)

ATTORNEYS FOR DEFENDANT U.S. BANK NATIONAL ASSOCIATION

J. THOMAS ROSCH, BAR NO. 37668
JOSHUA N. HOLIAN, BAR NO. 211772
**LATHAM & WATKINS LLP**
505 MONTGOMERY STREET
SAN FRANCISCO, CA 94111
TELEPHONE: (415) 395-8148
FACSIMILE: (415) 395-8095

ATTORNEYS FOR DEFENDANT WELLS FARGO BANK, N.A.

SONYA D. WINNER, BAR NO. 200348
TARA M. STEELEY, BAR NO. 231775
**COVINGTON & BURLING**
ONE FRONT STREET, 35TH FLOOR
SAN FRANCISCO, CA 94111
TELEPHONE: (415) 591-6000
FACSIMILE: (415) 591-6091

ATTORNEYS FOR DEFENDANT BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI L. KENDALL, d/b/a BALI HAIR SALON, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>VISA U.S.A. INC., *et al.*,<br><br>　　　　Defendants. | Civil Case No.: C 04-4276 JSW<br><br>BRIEF IN SUPPORT OF BANK DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION ANTITRUST COMPLAINT<br><br>Date:　　July 8, 2005<br>Time:　　9:00 a.m.<br>Courtroom:　17<br>Judge:　　The Honorable Jeffrey S. White |

001.1814641.7

BRIEF IN SUPPORT OF BANK DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED CLASS ACTION ANTITRUST COMPLAINT
Sheri L. Kendall, d/b/a Bali Hair Salon vs. Visa U.S.A., *Case No. C 04-4276 JSW*

I.  **INTRODUCTION.**

In their First Amended Class Action Antitrust Complaint ("Amended Complaint"), Plaintiffs have once again failed to meet the pleading standards set forth by the Ninth Circuit and this Court. In its March 29, 2005 Order ("Order"), the Court dismissed Plaintiffs' complaint against the Bank Defendants, finding that it failed to state a claim under Section One of the Sherman Act, (15 U.S.C. § 1.1).[1] Specifically, the Court held that Plaintiffs' allegations were insufficient because Plaintiffs did not "allege an agreement, combination, or conspiracy by the Bank Defendants to fix prices" including the merchant discount or interchange fees. Order at 3-4.

Plaintiffs' Amended Complaint suffers from the same infirmities. Apart from the same vague and conclusory allegations that the Bank Defendants have a "propriety interest" in, and participate in the management of, the credit card associations (allegations the Court has already found to be insufficient), the Amended Complaint pleads little more than that the Bank Defendants paid interchange fees that VISA and MASTERCARD allegedly set illegally and then considered those costs in unilaterally and independently pricing their own merchant discount rates. As the Ninth Circuit and this Court have held, such allegations fail to state a claim under Section One of the Sherman Act. Further, to the extent Plaintiffs have reworded their previous allegations, those allegations remain too conclusory to subject the Bank Defendants to full scale antitrust litigation. As before, plaintiffs have failed to supply factual allegations to support a claim that the Bank Defendants intentionally and actively committed themselves to participation in an unlawful conspiracy. Accordingly, Plaintiffs' Amended Complaint should be dismissed.

Not only does the Amended Complaint warrant dismissal, that dismissal should be with prejudice. During oral argument, the Court asked Plaintiffs' counsel, Mr. Richard Archer, if he

---

[1] The Court also dismissed Plaintiff's claim under Section 16 of the Clayton Act (15 U.S.C. § 26) against the Bank Defendants because that claim was predicated upon a violation of Section 1 of the Sherman Act (which Plaintiffs had failed to sufficiently allege). (Order at 5). Moreover, as this Court has already ruled, the Clayton Act § 16 does not provide an independent cause of action.

001.1814641.7

1
BRIEF IN SUPPORT OF BANK DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED CLASS ACTION ANTITRUST COMPLAINT
Sheri L. Kendall, d/b/a Bali Hair Salon vs. Visa U.S.A., *Case No. C 04-4276 JSW*

had any other facts to allege if granted leave to amend.  Mr. Archer responded only that he could more clearly allege that the Bank Defendants pay the interchange fee and pass the cost of this fee onto their customer through the merchant discount fee.  That is, indeed, all that Plaintiffs have done, and these allegations are not enough to state an antitrust claim.  After five attempts (counting the *Reyn's* case) to plead a claim against the Bank Defendants, Plaintiffs have had more than enough chances to allege a claim.  Having failed to do so, even after explicit direction from this Court as to what would be required, Plaintiffs' Complaint must be dismissed with prejudice.

## II. ARGUMENT.

### A. Plaintiffs Have Not Remedied the Deficiencies Identified in the Court's Prior Order.

#### 1. This Court Clearly Explained Why Plaintiffs Failed to State A Claim Under Section One of the Sherman Act.

Responding to the Bank Defendants' initial motion to dismiss, Plaintiffs queried why it was "not sufficient at the pleading stage to aver that each bank has a proprietary interest in and participates in the management of a bankcard network[.]"  (Pls.' Opp'n to Mot. to Dismiss, dated February 25, 2005, at 9).  This Court answered that question in its Order, explaining that Plaintiffs' allegations were insufficient "because they do not allege an agreement, combination, or conspiracy by the Bank Defendants <u>to fix prices</u>.  In other words, there are no allegations that the Bank Defendants 'knowingly, intentionally and actively participated in the alleged scheme' <u>to fix the interchange fee or the merchant discount</u> fee."  Order at 3-4 (emphasis added, citation omitted).

The Court's Order offered additional guidance to Plaintiffs about their pleading deficiencies.  The Court noted that "[i]n neither this case nor in *Reyn's* do Plaintiffs allege that the Defendant Banks conspired or agreed <u>to fix the merchant discount or interchange fees</u>."  *Id.* at 4 (emphasis added).  Just to make the point clear, the Court emphasized that "[a]<u>llegations that VISA or MASTERCARD fix the interchange or merchant discount fee . . . or that the interchange fee 'provides a floor' for the merchant discount fee, do not, standing alone, allege</u>

2
BRIEF IN SUPPORT OF BANK DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED CLASS ACTION ANTITRUST COMPLAINT
**Sheri L. Kendall, d/b/a Bali Hair Salon vs. Visa U.S.A.,** *Case No. C 04-4276 JSW*

001.1814641.7

1  unlawful conduct on the part of the Bank Defendants." *Id.* at 4 (emphasis added).

### 2. Plaintiffs' New Allegations Fail To Remedy These Defects.

Plaintiffs offer several new allegations in their Amended Complaint, but most of them are just variations of the same inadequate allegations. For example, Plaintiffs now assert that:

> WELLS FARGO, along with all other acquiring Consortium members, Defendant banks and co-conspirators, <u>charges</u> to Plaintiffs or other Merchants <u>the amount of the interchange rate fixed by the Consortiums</u> [VISA and MASTERCARD] as the minimum merchant discount fee. The interchange rate is most of the merchant discount fee.

(Am. Compl. ¶ 8) (emphasis added). Plaintiffs further allege that:

> Long prior to January 1, 2004, the Defendant Banks and the co-conspirators herein either expressly, by acquiescence, understanding or practice <u>adopted the interchange fees set by each of the Consortiums</u> for the various categories of merchants as the minimum merchant discounts for each class of merchants and such was known to each of the Defendant Banks and co-conspirators.

(*Id.* ¶ 14) (emphasis added). Put another way, Plaintiffs claim that:

> Most of the merchant discount fee is the interchange rate which is established by the Consortiums. The acquiring banks knowingly, intentionally and actively <u>participated</u> in an individual capacity with the Consortiums <u>in following these fees</u> charged to Plaintiffs or other Merchants.

(*Id.* ¶ 11) (emphasis added). And yet again, Plaintiffs assert that:

> This latest methodology requires that each merchant acquirer charge for its merchant discount at least the appropriate Consortium's interchange rate; otherwise there could be no differentiation among merchants. For the period for which there are available data, the average VISA merchant discount rate always exceeded the VISA interchange rate. There is thus in effect among all financial institutions and TPP's an agreement <u>to charge a minimum merchant discount set by the Consortiums</u>.

(*Id.* ¶ 13(a)).

These amendments are variations of Plaintiffs' core charge: that the respective interchange fees allegedly set by Visa and MasterCard provide a floor for the merchant discount rate. However, as this Court has already held, allegations "that the interchange fee 'provides a floor' for the merchant discount fee, do not, standing alone, allege unlawful conduct on the part of the Bank Defendants." See Order at 4. One wonders why Plaintiffs went through the trouble

3
BRIEF IN SUPPORT OF BANK DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED CLASS ACTION ANTITRUST COMPLAINT
**Sheri L. Kendall, d/b/a Bali Hair Salon vs. Visa U.S.A.,** *Case No. C 04-4276 JSW*

001.1814641.7

of repleading these flawed allegations.[2]

Moreover, Plaintiffs once again have not alleged that the Bank Defendants actively participated in setting the interchange fees; rather, Plaintiffs claim that the Bank Defendants pay the interchange fees and then include them among their costs in unilaterally setting their merchant discount fees. However, a customer who pays a price alleged to be illegally fixed by its suppliers is not liable for price fixing. *Khan v. State Oil Co.*, 143 F.3d 362 (7th Cir. 1998). Liability arises from unlawfully fixing a price, not from merely paying a fixed price set by others.

### B. Plaintiffs Have Failed to Satisfy the Ninth Circuit's Pleading Standards.

Having failed to cure the deficiencies identified by the Court in this case, Plaintiffs' allegations are too conclusory to withstand a motion to dismiss under long-established Ninth Circuit authority. The Ninth Circuit has held that an antitrust plaintiff "may not merely recite the bare legal conclusion that competition has been restrained unreasonably. Rather, a claimant must, at a minimum, sketch the outline of the antitrust violation with allegations of supporting factual detail." *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 508 (9th Cir. 1989). *See also Smilecare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996) (providing that dismissal is appropriate when the complaint states no set of facts which would constitute an antitrust violation, notwithstanding its conclusory language); *Rutman Wine Co. v. E&J Gallo Winery*, 829 F.2d 729, 736 (9th Cir. 1987) (agreeing that a plaintiff may not evade pleading requirements by alleging a bare legal conclusion to support a Sherman Act claim); *DM*

---

[2] Nor does Paragraph 13(a) state a Section 1 claim. It says that VISA and MASTERCARD consider other competitors' prices in setting their prices (each other "primarily" and other competitors "secondarily"). That is what competitors are supposed to do. *See Theatre Enters., Inc. v. Paramount Film Distrib. Corp.*, 346 U.S. 537, 541 (1954). The last sentence of that paragraph is nothing more than a restatement of the prior allegation that the interchange fee is a cost incurred by the Defendant Banks and that the merchant discount set by the Defendant Banks must be at least the amount of the interchange fee. The allegation that "[t]here is thus in effect among all financial institutions and TPP's an agreement to charge a minimum merchant discount set by the Consortiums" is nothing more than a conclusion relying on the allegation that the interchange fee is a cost incurred by the banks that establishes a floor for the merchant discount.

*Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (affirming dismissal of Sherman Act conspiracy claim because district courts need not accept "bald assertions, subjective characterizations and legal conclusions"; holding that "the factual allegations must be specific enough to justify dragging a defendant past the pleading threshold"). Where plaintiffs have failed to plead sufficient facts to state an antitrust claim, courts may not supply or assume the absent factual allegations in considering a motion to dismiss. *See, e.g., Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the antitrust laws in ways that have not been alleged.").

Plaintiffs have again failed to state the specific factual (as opposed to conclusory), allegations necessary to subject the Bank Defendants to continued litigation. For example, Plaintiffs have alleged in conclusory fashion that the Bank Defendants "knowingly, intentionally and actively participated in an individual capacity."[3] Am. Compl. ¶¶ 8-11. However, once again, Plaintiffs failed to provide substantive factual allegation that the Bank Defendants actually participated in setting the interchange fees. Rather, Plaintiffs allege only that the Bank Defendants "knowingly, intentionally and actively participated . . . in charging" the interchange fees to merchants through the merchant discount fees. As noted above and as this Court has already held, paying fees set by the Associations and considering those fees when pricing merchant discount fees are insufficient to establish an antitrust violation. See Order at 4.

Additionally, Plaintiffs allege that:

> The Consortiums' actions of which complaint is herein made were carried on for the economic advantage of their members and with their knowledge and consent.

(*Id.* ¶ 7). This, of course, is merely a conclusory assertion rather than a factual allegation. *See Les Shockley Racing*, 884 F.2d at 508. But again, Plaintiffs still have not alleged that the Bank

---

[3] Defendants agree that individual participation is a pleading and evendentiary prerequisite for antitrust liability. *See, e.g., AD/SAT v. Associated Press*, 181 F.3d 216, 234 (2d Cir. 1999); *Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 232 (9th Cir. 1974).

5
BRIEF IN SUPPORT OF BANK DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED CLASS ACTION ANTITRUST COMPLAINT
**Sheri L. Kendall, d/b/a Bali Hair Salon vs. Visa U.S.A.,** *Case No. C 04-4276 JSW*

001.1814641.7

1  Defendants actively participated in a conspiracy to set the interchange fees (or in a conspiracy to
2  set the merchant discount rate).  (*See* Section II.A.2, *supra*).  Alleging that interchange fees were
3  set with the passive "knowledge and consent" of the Bank Defendants is not equivalent to
4  alleging that the Bank Defendants "knowingly, intentionally and actively" participated in an
5  individual capacity in setting those fees.  *See Kline*, 508 F.2d at 232 (holding that "in order for a
6  member of a trade association to become guilty in a criminal case or liable in a treble damage
7  case he must have 'knowingly, intentionally and actively participated in an individual capacity in
8  the scheme'").

### C. Plaintiffs Should Not Be Given Another Chance to Replead.

10  The Court should not afford Plaintiffs another opportunity to replead for two reasons.
11  First, Plaintiffs have essentially admitted that they do not intend to make the necessary
12  allegations.  During oral argument regarding the Bank Defendants' first motion to dismiss,
13  Plaintiffs' counsel stated: "[w]e don't claim that these particular [Defendant] banks did anything
14  worse than all the other members."  (*See* Tr. of Mar. 18, 2005 Proceedings at 14).  Second,
15  Plaintiffs already have had five chances to plead their claims (including the *Reyn's* case).[4]
16  Plaintiffs do not deserve another bite at the apple, to plead little more than variations of their
17  prior inadequate allegations.

### III. Plaintiffs' Amended Complaint Does Not Add New Claims for Relief.

19  The fact that Plaintiffs' Amended Complaint purports to contain four claims for relief
20  against the Bank Defendants (rather than the two causes of action plead in Plaintiffs' original
21  complaint) is of no moment.  The gravamen of the two "new" causes of action was contained in
22  the original complaint.  The "First Claim for Relief" in the original complaint claimed violations
23  with respect to both debit and credit cards.  The Amended Complaint sprinkles in a few
24  conclusory statements and separates the debit and credit card allegations to make separate
25  claims.  It also carves out the piece of the original complaint related to marketing and labels it

---

[4] In *Reyn's Pasta Bella LLC v. Visa U.S.A., Inc.*, Case No. C-02-3003 JSW, an original and two amended complaints were filed.

001.1814641.7

6
BRIEF IN SUPPORT OF BANK DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED CLASS ACTION ANTITRUST COMPLAINT
**Sheri L. Kendall, d/b/a Bali Hair Salon vs. Visa U.S.A.,** *Case No. C 04-4276 JSW*

1  the "Third Claim for Relief." While the words differ a bit, the essence of the averments remains

2  the same. The "new" claim alleges association conduct alone with mere acquiescence by the

3  Defendant Banks. This pleading deficiency is highlighted above. Each of Plaintiffs' four claims

4  suffer from the same problems described in this Motion and noted in the Court's Order

5  dismissing Plaintiffs' original complaint.

## IV. CONCLUSION.

For the foregoing reasons, Plaintiffs' First Amended Class Action Antitrust Complaint should be dismissed as to the Bank Defendants without leave to amend.

Dated:  June 3, 2005.

FOLEY & LARDNER LLP

By  *s/ Eileen R. Ridley*
   EILEEN R. RIDLEY
   Attorneys for Defendant U.S. Bank
EILEEN R. RIDLEY, BAR NO. 151735
FOLEY & LARDNER LLP
One Maritime Plaza, 6th Floor
San Francisco, CA 94111-3404
Telephone:     (415) 434-4484
Facsimile:     (415) 434-4507

MAURICE J. McSWEENEY
MICHAEL C. LUEDER
JODI L. MALEK
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone:  (414) 297-5520
Facsimile:   (414) 297-4900

J. THOMAS ROSCH, BAR NO. 37668
JOSHUA N. HOLIAN, BAR NO. 211772
**LATHAM & WATKINS LLP**
505 Montgomery Street
San Francisco, CA 94111
Telephone: (415) 395-8148
Facsimile:  (415) 395-8095
Attorneys For Defendant Wells Fargo Bank, N.A.

SONYA D. WINNER, BAR NO. 200348
TARA M. STEELEY, BAR NO. 231775
**COVINGTON & BURLING**
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Attorneys for Bank of America, N.A.

7
BRIEF IN SUPPORT OF BANK DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED CLASS ACTION ANTITRUST COMPLAINT
Sheri L. Kendall, d/b/a Bali Hair Salon vs. Visa U.S.A., *Case No. C 04-4276 JSW*

001.1814641.7