ROBERT J. VIZAS (CA State Bar No. 56187)
ARNOLD & PORTER LLP
90 New Montgomery Street, Suite 600
San Francisco, CA 94105
Telephone: (415) 356-3000
Facsimile: (415) 356-3099

M. LAURENCE POPOFSKY (CA State Bar No. 33946)
MARIE L. FIALA (CA State Bar No. 79676)
RUSSELL P. COHEN (CA State Bar No. 213105)
RACHEL M. JONES (CA State Bar No. 218642)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Defendant
VISA U.S.A. INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHERI L. KENDALL, dba BALA HAIR SALON, JAMES MASER, MAIZ HOLDING COMPANY, dba PICANTE COCINA RESTAURANT, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VISA U.S.A. INC., MASTERCARD INTERNATIONAL, INC., BANK OF AMERICA, N.A., a subsidiary of BANK OF AMERICA CORPORATION, WELLS FARGO BANK, N.A., a subsidiary of WELLS FARGO & COMPANY, U.S. BANK, N.A., a subsidiary of U.S. BANCORP,<br><br>Defendant. | Case No.: C04-4276 JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VISA U.S.A. INC.'S MOTION TO DISMISS AND/OR TO STRIKE CERTAIN ALLEGATIONS**<br><br>**FED. R. CIV. P. 12(b)(6), 12(f)**<br><br>Date:        July 8, 2005<br>Time:        9:00 a.m.<br>Courtroom:  Two, 17th Floor<br>The Honorable Jeffrey S. White |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................. 1

II. BACKGROUND .................................................................................................... 2

III. ARGUMENT .......................................................................................................... 3

    A. Standards Re Motion to Dismiss and/or to Strike............................................. 3

    B. Because Plaintiffs Are Only Indirectly Affected by Visa's Interchange Fees, Their Damages Claim Is Barred by *Illinois Brick*. ................................... 4

    C. The Court Should Dismiss the Third Claim for Relief and/or Strike the "Price Differential" Allegations............................................................................ 7

        1. No Claim Can Be Premised on Alleged "Joint Marketing" Activities. ................................................................................. 7

        2. The "Price Differential" Allegations Also Do Not State a Claim................................................................................................. 8

    D. The Court Should Dismiss or Strike Plaintiffs' Fourth Claim for Relief, Which Is Based on Section 16 of the Clayton Act. .......................................... 9

    E. The Court Should Dismiss These Claims with Prejudice................................. 9

IV. CONCLUSION ..................................................................................................... 10

i

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT VISA U.S.A., INC.'S MOTION TO DISMISS AND/OR TO STRIKE CERTAIN ALLEGATIONS: CASE NO. C04-4276 (JSW)

# TABLE OF AUTHORITIES

Page

**Cases**

*Arpin v. Santa Clara Transp. Agency,*
   261 F.3d 912 (9th Cir. 2001)..................................................................................... 3

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,*
   459 U.S. 519 (1983).............................................................................................. 4, 5

*Astoria Fed. Sav. & Loan Ass'n v. Solimino,*
   501 U.S. 104 (1991)................................................................................................. 4

*Cargill, Inc. v. Monfort of Colorado, Inc.,*
   479 U.S. 104 (1986)................................................................................................. 9

*Fantasy, Inc. v. Fogerty,*
   984 F.2d 1524 (9th Cir. 1993)................................................................................. 4

*Fogerty v. Fantasy, Inc.,*
   510 U.S. 517 (1994)................................................................................................. 4

*Illinois Brick Co. v. Illinois,*
   431 U.S. 720 (1977)..................................................................................... 1, 4, 5, 6

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.,*
   691 F.2d 1335 (9th Cir. 1982)................................................................................. 5

*In re Visa Check/MasterMoney Antitrust Litig.,*
   297 F. Supp. 2d 503 (E.D.N.Y. 2003) .................................................................... 2

*In re Visa Check/MasterMoney Antitrust Litig.,*
   396 F.3d 96 (2d Cir. 2005)...................................................................................... 2

*Kansas v. Utilicorp United, Inc.,*
   497 U.S. 199 (1990)................................................................................................. 6

*Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.,*
   140 F.3d 1228 (9th Cir. 1998).............................................................................. 5, 7

*Mack v. South Bay Beer Distribs., Inc.,*
   798 F.2d 1279 (9th Cir. 1986)................................................................................. 4

*Nat'l Collegiate Athletic Ass'n v. Bd. of Regents of Univ. of Okla.,*
   468 U.S. 85 (1984)................................................................................................... 8

ii

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT VISA U.S.A., INC.'S MOTION TO DISMISS AND/OR TO STRIKE CERTAIN ALLEGATIONS: CASE NO. C04-4276 (JSW)

*Oahu Gas Serv., Inc. v. Pac. Resources, Inc.*,
   838 F.2d 360 (9th Cir. 1988) .................................................................................. 4

*Papasan v. Allain*,
   478 U.S. 265 (1986) ........................................................................................... 3

*Remington Prod., Inc. v. N. Am. Philips Corp.*,
   755 F. Supp. 52 (D. Conn. 1991) ........................................................................ 9

*Reyn's Pasta Bella, L.L.C. v. Visa U.S.A. Inc.*,
   259 F. Supp. 2d 992 (N.D. Cal. 2003) ...................................................... 1, 2, 4, 9

*Royal Printing Co. v. Kimberly-Clark Corp.*,
   621 F.2d 323 (9th Cir. 1980) .............................................................................. 5

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*,
   88 F.3d 780 (9th Cir. 1996) ................................................................................ 4

*Tyler v. Cisneros*,
   136 F.3d 603 (9th Cir. 1998) .............................................................................. 3

*USM Corp. v. SPS Technologies, Inc.*,
   694 F.2d 505 (7th Cir. 1982) .............................................................................. 8

*Western Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) .............................................................................. 4

*Zoslaw v. MCA Distrib. Corp.*,
   693 F.2d 870 (9th Cir. 1982) .............................................................................. 8

**Statutes**

Bank Service Company Act, 12 U.S.C. §§ 1861 ............................................................ 7

Sherman Act, 15 U.S.C. § 1 ............................................................................................ 1

Clayton Act, 15 U.S.C. § 26 ................................................................................... 1, 2, 3, 9

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1

Fed. R. Civ. P. 12(f) ................................................................................................... 1, 4

Fed. R. Civ. P. 15(a) ....................................................................................................... 3

iii

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT VISA U.S.A., INC.'S MOTION TO DISMISS AND/OR TO STRIKE CERTAIN ALLEGATIONS: CASE NO. C04-4276 (JSW)

## I. INTRODUCTION

Defendant Visa U.S.A. Inc. ("Visa") hereby moves pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) to dismiss plaintiffs' damages claims brought under the First and Second Claims for Relief and to dismiss entirely the Third and Fourth Claims for Relief in the First Amended Class Action Antitrust Complaint And Demand For Jury Trial ("FAC"), and/or to strike certain allegations therein, on the following grounds.

**First and Second Claims:** Plaintiffs and other merchants that accept Visa payment cards do not pay Visa's interchange fees directly; such fees are merely one component of the "merchant discount" fees that merchants pay to their acquiring financial institutions. As a result, plaintiffs are "indirect purchasers" with respect to Visa and their damages claims are barred under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

**Third Claim:** This claim is based on Visa's alleged "consortium marketing" and on "price differentials" charged to merchants. Plaintiffs do not allege how Visa's provision of marketing services is anything other than pro-competitive, nor how such activities cause injury to anyone, let alone to the plaintiffs. In addition, plaintiffs cannot show that any purported price differentials in the interchange rates established for different categories of merchants cause injury to competition. Price differentials, without more, do not violate Section 1 of the Sherman Act, 15 U.S.C. § 1. Moreover, because Visa does not charge *any* "price" — whether interchange or merchant discounts — directly to merchants, to the extent this claim is predicated on different merchants paying different "prices," it also fails.

**Fourth Claim:** Section 16 of the Clayton Act, 15 U.S.C. § 26, does not provide an independent ground for relief; rather, it provides certain additional remedies *if* a separate antitrust violation is proven. This Court has already dismissed plaintiffs' prior Section 16 claims, and it should do so again.

As in *Reyn's*, dismissal of these claims is once again mandated, this time with prejudice.

1

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT VISA U.S.A., INC.'S MOTION TO DISMISS AND/OR TO STRIKE CERTAIN ALLEGATIONS: CASE NO. C04-4276 (JSW)

## II. BACKGROUND

This action is virtually identical to *Reyn's Pasta Bella, L.L.C. v. Visa U.S.A. Inc.*, (No. C-02-3003) (N.D. Cal.) ("*Reyn's*"), which was dismissed by this Court on the ground that it was barred by the release and final judgment in *In re Visa Check/MasterMoney Antitrust Litigation* ("*In re Visa Check*" or "*Wal-Mart*"), 297 F. Supp. 2d 503 (E.D.N.Y. 2003).[1] Prior to dismissing *Reyn's* on those grounds, this Court had dismissed or struck from the *Reyn's* complaint certain allegations — some of which are repeated in this case — including those relating to joint marketing and differential pricing, and a claim for relief under Section 7 of the Clayton Act. *See Reyn's*, 259 F. Supp. 2d 992, 1001-04 (N.D. Cal. 2003).

On October 8, 2004, following the *Reyn's* dismissal, plaintiffs filed their Class Action Antitrust Complaint and Demand for Jury Trial ("Original Complaint") in this action. Visa answered on November 19, 2004.[2] At the same time, defendants Bank of America, Wells Fargo, and U.S. Bank ("the Bank Defendants") moved to dismiss on the ground that plaintiffs did not allege any particularized conduct on the part of any of the individual banks that would support a claim that the Bank Defendants conspired to set the default interchange rates or the merchant discount. This Court granted the Bank Defendants' motion to dismiss but granted plaintiffs leave to amend their allegations against the Bank Defendants. *See* Order Granting Bank Defendants' Motion to Dismiss With Leave to Amend, March 29, 2005.

---

[1] The *Reyn's* order of dismissal is presently on appeal to the Ninth Circuit. The *Reyn's* plaintiffs' appeal in the Second Circuit from the *Wal-Mart* district court's order approving the release and confirming its applicability to the *Reyn's* plaintiffs' claims has been rejected, and *Reyn's* plaintiffs' petition for rehearing and suggestion for rehearing *en banc* was denied by the Second Circuit on March 1, 2005. *In re Visa Check*, 396 F.3d 96 (2d Cir. 2005).

[2] Visa also filed an administrative request, which this Court granted, seeking leave to file an early Motion for Summary Judgment. *See* Order Granting in Part and Denying in Part Visa and MasterCard's Miscellaneous Administrative Request Re Motion for Partial Summary Judgment, March 29, 2005. That Summary Judgment motion is filed herewith.

2

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT VISA U.S.A., INC.'S MOTION TO DISMISS AND/OR TO STRIKE CERTAIN ALLEGATIONS: CASE NO. C04-4276 (JSW)

On April 25, 2005, plaintiffs filed the FAC, which, *inter alia*, amended plaintiffs' allegations against Visa and MasterCard.[3] Like the Original Complaint, the FAC alleges that Visa violates Section 1 of the Sherman Act by establishing "fixed" interchange fees that injure merchants who choose to accept Visa-branded payment cards. However, the FAC divides plaintiffs' allegations into four separate claims for relief: the first claim challenges interchange fees on credit card transactions; the second challenges interchange fees on debit card transactions; the third challenges "consortium marketing" and "differential pricing"; and the fourth requests injunctive relief under Clayton Act Section 16, 15 U.S.C. § 26. *See* FAC ¶¶ 24-39. Despite this restructuring, these claims are substantively unaltered from the Original Complaint. *Compare id. with* Original Complaint ¶¶ 20-32.[4]

## III. ARGUMENT

### A. Standards Re Motion to Dismiss and/or to Strike.

A plaintiff is entitled to the benefit of its well-pleaded factual allegations, and its case may proceed so long as those allegations, if proven, would establish a right to relief. *E.g., Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998). There are, however, also

---

[3] Because Visa had already answered the Original Complaint, plaintiffs were not entitled to amend their claims against Visa without leave of the Court (which was neither requested nor granted). *See* Fed. R. Civ. P. 15(a). However, the claims as pleaded in both the Original Complaint *and* the FAC are fundamentally flawed for the reasons discussed herein and in Visa's Motion for Summary Judgment.

[4] Plaintiffs include a number of other allegations that add nothing to their claims. First, plaintiffs allege in FAC ¶ 15 that CitiGroup proposed in 1997 that clearing and settlement of payment cards be merged with the clearing and settlement of checks — a proposal that allegedly was rejected. The relevance of this allegation is uncertain, but it undoubtedly does not establish any claim under the Sherman Act. Second, to the extent plaintiffs attempt to allege an agreement between Visa and member banks to charge a merchant discount fee that is at least equal to the interchange fee, *see, e.g.*, FAC ¶¶ 8, 9, 10 (Bank Defendants "knowingly, intentionally and actively participated in an individual capacity with [Visa] . . . in charging the fixed minimum merchant discount fees"), that allegation is entirely conclusory and, consequently, cannot prevent dismissal of any claim. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (court is not bound to accept as true conclusory allegations of law couched as fact); *Arpin v. Santa Clara Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001) (same). *See also* Motion to Dismiss of Bank Defendants, filed at the same time as this motion, addressing the substantive deficiencies in plaintiffs' conspiracy allegations.

important limits to that prerogative. A pleader is not, for example, entitled to the benefit of legal conclusions. *E.g., Western Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981). In particular, "[w]hether specific conduct is anti-competitive is a question of law" that this Court may determine on a 12(b)(6) motion. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citing *Oahu Gas Serv., Inc. v. Pac. Resources, Inc.*, 838 F.2d 360, 368 (9th Cir. 1988)). The Court may not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the antitrust laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Equally important, a complaint may not ignore indisputable matters that demonstrate that the facts it does recite state no claim. *E.g., Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

Fed. R. Civ. P. 12(f) further allows a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike may be granted on grounds of immateriality or impertinence when the allegations in question have no possible relation to the controversy. *See Reyn's*, 259 F. Supp. 2d at 1001-02; *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-35 (1994).

### B. Because Plaintiffs Are Only Indirectly Affected by Visa's Interchange Fees, Their Damages Claim Is Barred by *Illinois Brick*.

Plaintiffs' damage theory is based on the allegation that Visa sets an allegedly improper "price," the interchange fee, to acquirers, and that the acquirers in turn pass on the interchange fees to merchants as a component of inflated merchant discount fees. *See* FAC ¶ 26 ("Increases by Visa and MasterCard of the interchange fees have resulted in increases in merchant discount fees."); *id.* ¶ 30 (plaintiffs "have been damaged by the payment of

4

merchant discounts"). However, because plaintiffs are "indirect purchasers" with respect to Visa, their damages claims are barred under *Illinois Brick,* 431 U.S. at 736.[5]

The Ninth Circuit has long stressed the central role that the *Illinois Brick* doctrine plays in private antitrust litigation. *Illinois Brick* was created "to increase the effectiveness and deterrent power" of "private treble damages suits [which are] vital to the enforcement of the antitrust laws." *Royal Printing Co. v. Kimberly-Clark Corp.*, 621 F.2d 323, 325-26 (9th Cir. 1980). It "serves to avoid the complications of apportioning overcharges between direct and indirect purchasers and to eliminate multiple recoveries." *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 140 F.3d 1228, 1233 (9th Cir. 1998). For this reason, the Ninth Circuit has been "unwilling to countenance *ad hoc* case-by-case exceptions to a rule of intended general application." *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982). Courts are not permitted to determine "what portion of [an] illegal overcharge was 'passed on' . . . and what part was absorbed by the middlemen" because doing so "would involve all the evidentiary and economic complexities that *Illinois Brick* clearly forbade." *Royal Printing Co.*, 621 F.2d at 327 (citing *Illinois Brick*, 431 U.S. at 731-32, 737-45).

Plaintiffs have modified slightly their allegations regarding the merchant discount fees, possibly in response to the Court's admonition "to conduct a reasonable inquiry of the underlying factual and legal grounds supporting their claims." Order Granting Bank Defendants' Motion to Dismiss with Leave to Amend, March 29, 2005. Previously, plaintiffs had appeared to allege that Visa directly "fixes" merchant discount fees. *See, e.g.*, Original Complaint ¶ 21(a) ("The merchant discount fees, established by VISA and MASTERCARD, are based largely on the interchange fees."). The FAC, however, omits this allegation. Instead, plaintiffs now allege only an indirect relationship between Visa's setting of interchange fees and merchants' payment of merchant discount fees. *See, e.g.*, FAC ¶ 25 ("VISA and MASTERCARD each is a combination of banks which are in

---

[5] Plaintiffs also lack standing to assert this indirect, derivative and speculative claim. *See Associated Gen. Contractors of Cal., Inc.*, 459 U.S. at 538-45.

5

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT VISA U.S.A., INC.'S MOTION TO DISMISS AND/OR TO STRIKE CERTAIN ALLEGATIONS: CASE NO. C04-4276 (JSW)

competition with each other, directly or indirectly, which as such combination sets an 'interchange fee' which is in effect a minimum merchant discount fee to be paid by merchants to an acquiring financial institution directly or through a third-party processor on proceeds of merchant sales paid for by one of the Consortiums' credit cards").[6]

     Nor can plaintiffs point to their allegation that Visa directly negotiates with certain large merchants to promote Visa acceptance, *e.g.,* FAC ¶¶ 13(e), 33-35, to circumvent the bar of *Illinois Brick*. Plaintiffs *exclude from the class* all "merchants who negotiate merchant discounts directly with VISA and/or MASTERCARD or receive payments directly from them." FAC ¶ 16. Thus, plaintiffs' merchant discount fees — and those of the putative class — are by admission *not* set by Visa. (Otherwise plaintiffs would be excluded from their own class.) Accordingly, plaintiffs' only possible theory of liability is that the "'interchange fee' is in effect a minimum merchant discount fee," FAC ¶ 25, and merchant discount fees are illegally inflated to that extent. As to that claim, Visa is entitled to judgment on the basis of *Illinois Brick*, 431 U.S. 720.

     Insofar as plaintiffs' damage theory asserts that the interchange fee creates a "floor" for the merchant discount fee, it does not overcome the *Illinois Brick* bar. On this point, the United States Supreme Court has been absolutely clear. In *Kansas v. Utilicorp United Inc.*, 497 U.S. 199, 216 (1990), the Supreme Court refused to carve out an exception to *Illinois Brick* even where the direct purchaser almost certainly passed on the entire cost of the

---

[6] As a factual matter, Visa does not set or negotiate merchant discount fees. *See* Visa's Motion for Summary Judgment and the supporting Declaration of William Sheedy, filed herewith. For the purposes of this motion, however, that fact can be deemed established by the pleadings. Even where the FAC avers that the merchant discount fee is established "both directly and indirectly" by Visa, the context of the allegations makes clear that plaintiffs are alleging that Visa's interchange fees set the minimum, or "floor," for the merchant discount fees. *See, e.g.,* FAC ¶ 8 ("a *minimum* merchant discount fee . . . is established, both directly and indirectly, by the Consortiums") (emphasis added); *id.* ¶ 9 (merchants are charged by acquiring banks "the amount of the interchange rate fixed by the Consortiums as the minimum merchant discount fee"); *id.* ¶ 11 ("a merchant discount fee . . . is established, both directly and indirectly, by the Consortiums. Most of the merchant discount fee is the interchange rate which is established by the Consortiums.") (citation omitted). As discussed above, an allegation that Visa's interchange fee sets the "floor" for merchant discount fees is insufficient to avoid the *Illinois Brick* bar.

6

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT VISA U.S.A., INC.'S MOTION TO DISMISS AND/OR TO STRIKE CERTAIN ALLEGATIONS: CASE NO. C04-4276 (JSW)

alleged overcharge to the indirect purchaser, noting that "the possibility of allowing an exception, even in rather meritorious circumstances, would undermine the rule." The Court noted that it might perhaps permit such a claim, but only where the direct purchaser has a contract with the indirect purchaser that expressly guarantees a fixed quantity of sales at a price defined as the direct purchaser's cost plus a specified markup, the so-called "cost-plus contract exception." *Kansas*, 497 U.S. at 217-18. That is not the situation here. Because the FAC does not allege any facts suggesting that the named plaintiffs' acquirer/merchant relationships operate as "cost-plus" contracts, or that such contracts predominate among putative class members, plaintiffs cannot invoke this exception in order to proceed directly against Visa. *See Lucas Auto. Eng'g*, 140 F.3d at 1234.

Pursuant to *Illinois Brick* and its Ninth Circuit progeny, plaintiffs' "pass on" theory of damages is barred, and the Court therefore should dismiss plaintiffs' interchange-based damages claims in their entirety. *See* 431 U.S. at 736-45. To the extent plaintiffs also seek injunctive relief relating to the setting of interchange, Visa urges the Court to address the important dispositive issues raised in its summary judgment motion, which are ripe and fully briefed.

### C. The Court Should Dismiss the Third Claim for Relief and/or Strike the "Price Differential" Allegations.

#### 1. No Claim Can Be Premised on Alleged "Joint Marketing" Activities.

In *Reyn's*, the plaintiffs alleged that Visa violated the Bank Service Company Act, 12 U.S.C. §§ 1861 *et seq.*, by, *inter alia*, providing joint marketing services. The Court struck that allegation without leave to amend. *See Reyn's*, 259 F. Supp. 2d at 1002-03. In this case, plaintiffs have deleted the reference to the Bank Service Company Act, but have pleaded a separate cause of action (Third Claim for Relief) challenging Visa's alleged "consortium" or "joint" marketing. *See* FAC ¶ 34 ("both Consortiums commenced to market on behalf of their members by lowering interchange fees for both debit and credit transactions with large volume merchants and in some cases by negotiating directly with

7

such merchants for the purpose of increasing use of members' cards with such merchants as well as increasing the acquisition of deposits of proceeds of card transactions by Consortium members or co-conspirators"); *id.* at Prayer for Relief ¶ 4(b) (seeking "[t]he elimination from VISA and MASTERCARD of all joint marketing activities").

The Third Claim for Relief simply reiterates, under a different label, the same allegations concerning interchange and merchant discounts that form the basis of the First and Second Claims for Relief. *See* FAC ¶¶ 34-36. To the extent that plaintiffs intend their joint marketing allegations merely to bolster their interchange claims, the Third Claim fails for the reasons discussed above and in Visa's motion for summary judgment. If, on the other hand, plaintiffs seek to premise liability separately on the joint marketing allegations, that theory has no meaning as an antitrust claim. Plaintiffs plead no facts showing that the alleged "joint marketing services" injure competition in any market, much less the alleged relevant market — *i.e.*, the market for the "acquisition of receipts from general purpose credit, charge and debit cards, or electronic equivalents, for deposit in commercial bank accounts." FAC ¶ 22. Indeed, plaintiffs do not explain how Visa's provision of additional services could ever be anticompetitive. *See, e.g., Nat'l Collegiate Athletic Ass'n v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85, 103 (1984) (joint selling arrangements "may be so efficient that [they] will increase sellers' aggregate output and thus be procompetitive") (citation omitted).

### 2. The "Price Differential" Allegations Also Do Not State a Claim.

Plaintiffs also allege that Visa is "able to charge substantially different prices to various categories of hundreds of thousands of merchants who must take credit and debit cards at any price because their customers insist on using those cards," and reiterate those allegations in the Third Claim for Relief. *See* FAC ¶¶ 29, 34, 35. As explained above, these allegations are irredeemably flawed because Visa does not charge *any* price — whether interchange or merchant discounts — directly to merchants. In addition, plaintiffs do not claim that such purported price differentials cause injury to competition. That is not surprising since, without more, price differentials do not violate Section 1. *See Zoslaw v.*

8

*MCA Distrib. Corp.*, 693 F.2d 870, 887 (9th Cir. 1982) ("the price discrimination which results where buyers seek competitive advantage from sellers encourages the aims of the Sherman Act"); *USM Corp. v. SPS Technologies, Inc.*, 694 F.2d 505, 512 (7th Cir. 1982) (Posner, J.) ("no general principle of antitrust law forbids charging different prices to different customers").

In *Reyn's*, this Court agreed with that conclusion and struck plaintiffs' "price differential" allegations from the *Reyn's* First Amended Complaint, saying: "The allegation of price differentials between customers does not, in itself, state a claim for an antitrust violation." *Reyn's*, 259 F. Supp. 2d at 1002. Plaintiffs' virtually identical allegations here similarly should be dismissed or stricken from the FAC.

### D. The Court Should Dismiss or Strike Plaintiffs' Fourth Claim for Relief, Which Is Based on Section 16 of the Clayton Act.

Plaintiffs' Fourth Claim For Relief asserts a claim under Section 16 of the Clayton Act, 15 U.S.C. § 26. Although Section 16 provides a plaintiff with the ability to seek "injunctive relief . . . against threatened loss or damage" by a violation of another antitrust law, *Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104, 110-111 (1986), it does not create an independent claim for relief. *See id.* (Section 16 of the Clayton Act "provides a vehicle for private enforcement of the antitrust laws"); *Remington Prod., Inc. v. N. Am. Philips Corp.*, 755 F. Supp. 52, 55 (D. Conn. 1991) ("In order to obtain relief under the antitrust laws, a plaintiff must first establish a violation of an antitrust statute.") (citation omitted). Because plaintiffs' Fourth Claim for Relief asserts no cause of action, it should be dismissed or stricken.

### E. The Court Should Dismiss These Claims with Prejudice.

Plaintiffs have already had five chances to plead their claims, including the three complaints in *Reyn's* and the two complaints in this action. The Court should dismiss these claims with prejudice.

9

## IV. CONCLUSION

For the foregoing reasons, Visa respectfully requests that the Court grant this motion to dismiss and/or to strike.

DATED: June 3, 2005            Respectfully submitted,

HELLER EHRMAN LLP

By  s/Marie L. Fiala
    Marie L. Fiala
    Attorneys for Defendant
    VISA U.S.A. INC.

10

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT VISA U.S.A., INC.'S MOTION TO DISMISS AND/OR TO STRIKE CERTAIN ALLEGATIONS: CASE NO. C04-4276 (JSW)