IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHERI L. KENDALL, et al.,

    Plaintiff,

v.

VISA U.S.A. INC., et al.,

    Defendants.
_____/

No. C 04-04276 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON **July 8, 2005 at 9:00 A.M.**:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court tentatively GRANTS MASTERCARD's motion to dismiss.

The parties shall have fifteen minutes to address the following questions:

1. Should the Court find that the incorporation of the interchange fee in the merchant discount rate is somehow anticompetitive, what entity would have standing to make an antitrust claim against Defendants? Have there been any cases, with or without written decisions, in which it was determined that retailers had standing to sue VISA or MASTERCARD directly for the setting of fees or other related alleged anticompetitive conduct? (Both VISA and MASTERCARD should be prepared to address this issue.)

2. Should the Court dismiss the damages claims under Sherman Act Section 1 under the analysis in *Illinois Brick v. Illinois*, 431 U.S. 720, 746 (1977), can Plaintiffs maintain a claim for injunctive relief? (*See* VISA motion at page 7 and MASTERCARD motion at page 9 note 9). What would remain of Plaintiffs' case should the Court determine that the Sherman Act claims for damages must be dismissed? (Both VISA and MASTERCARD should be prepared to address this issue.)

3. If granted leave to amend, how would Plaintiffs support their conclusory allegations that the consortiums directly or indirectly establish the merchant discount rates? (Plaintiffs are cautioned that the allegation of mere knowledge and 'conscious parallelism' are insufficient as a matter of law to establish participation in a conspiracy under Section 1.) (Both VISA and MASTERCARD should be prepared to address this issue.)

4. What is the intended import of Plaintiffs' recitation of the alleged rejection of CitiGroup CEO John Reed's 1997 proposal of merging the processing of payment cards and checks? (*See* First Amended Complaint at paragraph 15.) Is the allegation relevant and do Plaintiffs' have standing to assert it regardless?

5. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: July 7, 2005                     /s/ Jeffrey S. White
                                        JEFFREY S. WHITE
                                        UNITED STATES DISTRICT JUDGE