**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI L. KENDALL, et al., | |
| Plaintiff, | No. C 04-04276 JSW |
| v. | **NOTICE OF TENTATIVE RULING AND QUESTIONS** |
| VISA U.S.A. INC., et al., | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON **July 8, 2005 at 9:00 A.M.**:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at
the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *See* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court tentatively GRANTS VISA U.S.A.'s motion to dismiss.

The parties shall have fifteen minutes to address the following questions:

1. What is Plaintiffs' best argument that the holding in *Illinois Brick v. Illinois*, 431 U.S. 720, 746 (1977), does not operate to deprive Plaintiffs of standing to assert their Sherman Act Section 1 claims? (Both VISA and MASTERCARD should be prepared to address this issue.)

    a. Does the finding by the court in *United States v. VISA U.S.A. Inc.*, 63 F. Supp. 2d 322, 338 (S.D. N.Y. 2001), that the networks indirectly or directly established the merchant discount rate preclude a finding by this Court that the networks do not establish the merchant discount rate?

    b. Should the Court grant VISA's motion with leave to amend, do Plaintiffs have any support for their conclusory contention that the consortiums actually set the merchant discount rates, either directly or indirectly? Can this issue be resolved on a motion to dismiss, without reference to the factual record (which VISA intends to present to this Court in its upcoming motion for summary judgment)?

2. Why should the Court not dismiss the third claim relating to joint marketing and price differentials on the same basis it struck similar claims in the related *Reyn's* matter? *See Reyn's Pasta Bella, LLC v. Visa U.S.A. Inc.*, 259 F. Supp. 2d 992, 1001-02 (N.D. Cal. 2003) (holding that Plaintiffs' allegations of setting different deposit fees for different classes of customers of acquiring banks is insufficient to state a claim for antitrust violation). Does Plaintiff maintain the allegations in the third cause of action support the first two claims, or that the third cause of action stands alone as an independent antitrust claim?

3. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: July 7, 2005

　　　　　　　　　　　　　　　　　　　　　　/s/ Jeffrey S. White
　　　　　　　　　　　　　　　　　　　　　　JEFFREY S. WHITE
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE