IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHERI L. KENDALL, et al.,

    Plaintiffs,

v.

VISA U.S.A. INC., et al.,

    Defendants.

No. C 04-04276 JSW

**ORDER GRANTING BANK DEFENDANTS' SECOND MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

    Now before the Court is the second motion of defendants Bank of America, N.A., Wells Fargo Bank, N.A., and U.S. Bank, N.A. (the "Bank Defendants") to dismiss each of Plaintiffs' claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Having carefully read the parties' papers and considered the arguments and the relevant legal authority, the Court hereby GRANTS the Bank Defendants' motion to dismiss Plaintiffs' claims against them without leave to amend.

**BACKGROUND**

    Plaintiffs are various merchant, retail and service businesses who bring this action against Mastercard International, Inc. ("MASTERCARD"), VISA U.S.A., Inc. ("VISA"), and the Bank Defendants, who are credit card issuing and/or acquiring banks (collectively "Defendants").  Through their member banks, VISA and MASTERCARD issue various forms of payment cards.  Member banks can issue VISA or MASTERCARD payment cards to

consumers and set interest rates, fees, and other terms for cardholders. (First Amended Complaint ("FAC"), ¶¶ 8-11.) Member banks also individually contract with retailers on behalf of VISA or MASTERCARD to purchase payment card transactions. *Id.* Member banks may function as either "issuing" banks or "acquiring" banks, or both. *Id.*

Plaintiffs' claims are directed at payment card transaction fees, which include a "merchant discount fee," which is the transaction fee between the merchant and the acquiring bank, and an "interchange fee," which is the transaction fee between the acquiring bank and the issuing bank. (*Id.*, ¶¶ 16-18.) In their first amended complaint, Plaintiffs allege that Defendants' act of setting merchant discount and interchange fees amounts to horizontal price fixing under Section 1 of the Sherman Antitrust Act ("Sherman Act"), 15 U.S.C. § 1. Plaintiffs again allege that Defendants' conduct violates Section 16 of the Clayton Act, 15 U.S.C. § 26.

The Bank Defendants moved to dismiss the original complaint, challenging the sufficiency of Plaintiffs' allegations against them on the ground that Plaintiffs failed to allege the requisite anti-competitive conduct necessary to state a claim under Section 1 of the Sherman Act. In its order granting the Bank Defendants' first motion to dismiss, the Court found that the allegations in the original complaint were insufficient to state a claim under Section 1 because they did not allege an agreement, combination, or conspiracy by the Bank Defendants to fix prices. *See* Order dated March 29, 2005 ("Order") at 3, citing *Les Shockley Racing, Inc. v. National Hot Rod Ass'n*, 884 F.2d 504, 507 (9th Cir. 1989).

On April 25, 2005, Plaintiffs filed an amended complaint. On June 3, 2005, the Bank Defendants against moved to dismiss. The Court heard oral argument on the motion on July 8, 2005.

## DISCUSSION

**A.    Legal Standard on Motion to Dismiss.**

A motion to dismiss for failure to state a claim will be denied unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,*

2

1  80 F.3d 336, 337-38 (9th Cir. 1996).  Dismissal is proper only where there is no cognizable
2  legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.
3  *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).  The Court is not, however, bound to
4  accept as true conclusory allegations of law or legal conclusions couched as a factual allegation.
5  *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *Arpin v. Santa Clara Transp. Agency,* 261 F.3d
6  912, 923 (9th Cir. 2001) (internal quotation omitted).  For private antitrust claims, if the facts
7  "do not at least outline or adumbrate a violation of the Sherman Act, the plaintiffs will get
8  nowhere merely by dressing them up in the language of antitrust." *Rutman Wine Co. v. E&J*
9  *Gallo Winery,* 829 F.2d 729, 736 (9th Cir. 1987).

### B. Section 1 Sherman Act Claim.

11  To state a claim under Section 1 of the Sherman Act, Plaintiffs must allege: (1) an
12  agreement or conspiracy among two or more persons or distinct business entities; (2) by which
13  the persons or entities intended to harm or restrain competition; and (3) which actually injures
14  competition.  *Les Shockley Racing*, 884 F.2d at 507 (citations omitted); *see also Monsanto Co.*
15  *v. Spray-Rite Serv. Corp.,* 465 U.S. 752, 764 (1984) (to prevail on a Section 1 Sherman Act
16  claim, a plaintiff must establish a "conscious commitment to a common scheme designed to
17  achieve an unlawful result").

18  Plaintiffs have failed to remedy the deficiencies identified by the Court in its prior order.
19  The Court stated clearly that the original complaint failed to allege that the Bank Defendants
20  conspired or agreed to fix merchant discount or interchange fees, and explicitly stated that the
21  allegations concerning the setting of a floor for the merchant discount fee did not, standing
22  alone, constitute unlawful conduct on the part of the Bank Defendants.  *See* Order at 4.  In their
23  amended complaint, Plaintiffs now allege that:  (1) the Defendant Banks charge to Plaintiffs and
24  other merchants "the amount of the interchange rate fixed by the Consortiums [VISA and
25  MASTERCARD] as the merchant discount fee"; (2) the Defendant Banks adopt the interchange
26  fees set by the Consortiums; (3) the acquiring banks "knowingly, intentionally and actively
27  participated in an individual capacity with the Consortiums in following these fees"; and (4)

3

1   there is an agreement among all financial institutions to charge a minimum merchant discount
2   set by the Consortiums. (*See* FAC, ¶¶ 8, 14, 11, 13(a).)

Plaintiffs contend that they have adequately alleged that the Bank Defendants "individually participated in setting the interchange fees with the Consortiums and then individually as an acquirer applied the particular category of fee to each of the merchants as a minimum discount fee." *See* Opp. Br. at 7. However, Plaintiffs have failed to allege that the Bank Defendants "knowingly, intentionally, and actively participated in an individual capacity" in setting those fees, as is required to state a claim under Section 1. *See Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 232 (9th Cir. 1974). Plaintiffs may not simply recite legal conclusions in an effort to state a claim. *See Papasan,* 478 U.S. at 286; *Arpin,* 261 F.3d at 923 (a court is not bound to accept as true conclusory allegations of law or legal conclusions couched as a factual allegations). A claimant must, at a minimum, sketch the outline of the antitrust violation with allegations of supporting factual detail. *See Les Shockley*, 884 F.2d at 508; *see also Rutman Wine Co.*, 829 F.2d at 736.

Contrary to Plaintiffs' contentions, the foregoing revised allegations are insufficient to state a claim against the Bank Defendants under Section 1 because they still fail to allege an agreement, combination, or conspiracy by the Bank Defendants to fix prices. *See Les Shockley,* 884 F.2d at 507. In other words, there are no allegations that, as part of the Bank Defendants' participation in the management of, or their proprietary interest in, VISA or MASTERCARD, the Bank Defendants "knowingly, intentionally and actively participated in an individual capacity in the alleged scheme" to fix the interchange fee or the merchant discount fee. Merely charging, adopting or following the fees allegedly set by the Consortiums is insufficient as a matter of law to state a claim under Section 1 of the Sherman Act.[1]

---

[1] In this regard, Plaintiffs' somewhat premature motion for leave to file a motion for reconsideration of this Order indicates that a number of members of the Board of Directors of the Consortiums is comprised of bank members. (*See* Sheedy Deposition at 46-47; Jonas Deposition at 44-45). Plaintiffs, however, have still failed to allege that the bank members knowingly, intentionally or actively participated in the setting of the interchange fees and, after many opportunities to amend and to plead sufficient facts, Plaintiffs have again apparently conducted no discovery to demonstrate such necessary facts nor have they pled the requisite facts to establish a claim against the Bank Defendants. In addition, Plaintiffs

4

1   To the extent Plaintiffs attempt to aver an independent third cause of action for violation of Section 1 of the Sherman Act under a "consortium marketing" theory, this allegations fails for the same reasons stated herein. The allegations relating to price differentials between customers does not state a claim for an antitrust violation. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 887 (9th Cir. 1982); *USM Corp. v. SPS Technologies, Inc.*, 694 F.2d 505, 512 (7th Cir. 1982) ("[N]o general principle of antitrust law forbids charging different prices to different customers").

Based on the foregoing, Plaintiffs' Section 1 Sherman Act claims against the Bank Defendants are DISMISSED without leave to amend.

**C.    Section 16 Clayton Act Claim.**

Because Plaintiffs' have failed to state a claim under Section 1 of Sherman Act against the Bank Defendants', Plaintiffs' fourth claim for relief, under Section 16 of the Clayton Act, 15 U.S.C. § 26, predicated upon a violation Section 1 of the Sherman Act, is also dismissed without leave to amend. *Cargill, Inc. v. Monfort of Colo., Inc.,* 479 U.S. 104, 109 (1986) (threatened antitrust injury is a prerequisite to equitable relief); *see also Lucas Auto. Eng'g*, 140 F.3d at 1234-35.

---

were admonished by this Court upon granting the Bank Defendants' first motion to dismiss that Plaintiffs must conduct a reasonable inquiry of the underlying factual and legal grounds supporting their claims before amending. *See* Order at 4. Because the first amended complaint represents the fifth attempt to allege sufficient facts to support claims against the Defendant Banks (including the three complaints filed in *Reyn's* on the same basic theories and two attempts in this matter), the Court, in its discretion, finds that amendment under these particular circumstances would be futile and grants the present motion without leave to amend.

**CONCLUSION**

For the foregoing reasons, the Bank Defendants' motion to dismiss is GRANTED without leave to amend.

**IT IS SO ORDERED.**

Dated: July 25, 2005                                    /s/ Jeffrey S. White
                                                        JEFFREY S. WHITE
                                                        UNITED STATES DISTRICT JUDGE